UNTED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARONIA BARTON,

      Plaintiff,

v.

UNITY HEALTH SYSTEM,

      Defendant.

_____

**COMPLAINT**

Civ. No

**JURY TRIAL DEMANDED**

## <u>NATURE OF CLAIMS</u>

1. This is an action brought by the Plaintiff, Sharonia Barton ("Plaintiff"), against

the Defendant, Unity Health System ("Unity"), in violation of: the Civil Rights

Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C.

§1981 ("42 U.S.C. §1981") for (a) disparate treatment based on race, (b) the

creation of a hostile work environment based on race and (c) unlawful retaliation;

Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e et seq.

("Title VII") for (a) disparate treatment based on race, (b) the creation of a hostile

work environment based on race and (c) unlawful retaliation; the Americans with

Disabilities Act of 1990 ("ADA") for  (a) disparate treatment based on a disability,

(b) the creation of a hostile work environment based on a disability and (c)

unlawful retaliation; and the New York State Human Rights Law, Executive Law

§§290 et seq. ("NYSHRL") for (a) disparate treatment based on (i) race and (ii) a

disability, (b) the creation of a hostile work environment based on (i) race and (ii) a disability and (c) unlawful retaliation.

## **JURISDICTION**

2.    Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to adjudicate the Plaintiff's claims under New York State law.

## **VENUE**

4.    Venue is proper pursuant to 28 U.S.C. §1391, as the events giving rise to the claims set forth by the Plaintiff in this Complaint have occurred in this federal judicial district and all parties herein are located within the Court's jurisdiction.

## **PARTIES**

5.    The Plaintiff is an individual of African American race with a disability as defined by §12102 of the ADA who was at all times relevant herein an employee of Unity, and a resident of the County of Monroe, State of New York.

6.    Upon information and belief, Unity is a business doing business, organized, and existing under the laws of the State of New York.

## ADMINISTRATIVE EXHAUSTION

7.      On June 21, 2012, the Plaintiff filed a charge of discrimination against Unity with the Equal Employment Opportunity Commission ("EEOC").

8.      On August 16, 2012, the Plaintiff filed an amended charge of discrimination against Unity with the EEOC.

9.      On December 5, 2012, the Plaintiff filed a second amended charge of discrimination against Unity with the EEOC.

10.     On March 23, 2013, the Plaintiff filed a third amended charge of discrimination against Unity with the EEOC.

11.     On August 26, 2014, the EEOC dismissed the above referenced charge and issued a Notice of Rights.

12.     Less than ninety (90) days from the date the Plaintiff was issued her Notice of Rights (i.e. August 26, 2014) from the EEOC has elapsed since filing the instant Complaint.

## **BACKGROUND**

13.    The Plaintiff is an individual of African American race and ancestry who at  all
times relevant herein was employed as a full-time Dental Hygienist with the
Unity at its Rochester, New York facility.

14.    The Plaintiff is also an individual who at all times relevant herein suffered  and
continues to suffer from the following disabilities: (a) "carpal tunnel" syndrome
(i.e. a painful and swelling condition that causes the fingers to catch or lock)
in both of her wrists and thumbs and (b) acute severe work related stress,
depression, and anxiety.

15.    On November 18, 2002, the Plaintiff began her employment with Unity.

16.    Throughout her eleven (11) year tenure with Unity, the Plaintiff was qualified to
perform the essential functions of her position with or without reasonable
accommodations as she continually maintained an outstanding work
performance record indicative of her excellent performance record and the
constant appraises she received from both patients and staff.

17.    On November 11, 2010, the Plaintiff was diagnosed carpal tunnel syndrome in
both of her wrists and thumbs.

18.    The major life activities as defined by §12102 of the ADA which were affected by the Plaintiff's above described disability included "working."

19.    In or around this time, the Plaintiff informed Unity of her increasingly aggravated disability when she brought it to her supervisor, Joseline Angarano's ("Angarano"), attention; thereafter, Angarano completed a medical incident report memorializing the Plaintiff's disability and Unity's notice of the same.

20.    As a result of her medical condition, the Plaintiff was required to undergo surgery on her right index and both middle fingers and required to take a nine (9) week medical leave.

21.    On June 22, 2012, the Plaintiff was diagnoses with acute severe work related stress, depression, and anxiety due to her working conditions.

22.    In or around this time, the Plaintiff was taken out of work on medical leave by her treating doctor due to her disability with a return date of February 2013.

23.    The major life activities as defined by §12102 of the ADA which were affected by the Plaintiff's above described disability included "working."

24.    On February 28, 2013, the Plaintiff was terminated by Unity.

[5]

## **STATEMENT OF FACTS**

25.    On July 7, 2011, Patricia Farsace ("Farsace"), a floating dental hygienist and co-worker, made the following comments to the Plaintiff at work:

> *"What are you?"*
>
> *"I thought that blacks had hair like wool."*
>
> *"Can blacks grow hair?"*

26.    On or around this time, the Plaintiff informed Supervisor Laurel Tschetter ("Supervisor Tschetter") what Farsace had said and that she considered it to be racial harassment.

27.    Supervisor Tschetter responded by saying *"I don't believe you!"*

28.    No remedial actions took place as the offensive racist remarks continued.

29.    Shortly thereafter, the Plaintiff overheard Farsace laughing and poking fun of her hair, only this time with Dr. Abeyounis.

30.    On July 15, 2011, shortly after the incident involving Farsace and Dr. Abeyounis, Farsace went out of her way to inform the Plaintiff that she *"is not prejudice"* towards African Americans, but *"[her] husband is."*

31.    Again, the Plaintiff complained about this comment to Supervisor Tschetter.

32.     No remedial action was taken as the offensive racist remarks continued.

33.     In July 2011, when the Plaintiff requested every other Monday off to attend her doctor appointments for her medical condition, it was all together ignored.

34.     However, in November 2011, when Farsace, a Caucasian, requested permission to arrive to work one (1) hour late every Wednesday and Friday, her request was granted.

35.     On January 27, 2012, the Plaintiff was removed from work due to work related stress.

36.     On February 6, 2012, the Plaintiff returned to work.

37.     Upon returning to work, Supervisor Tschetter scolded the Plaintiff and accused her of being out of work for reasons other than work related stress and that she had access to the Plaintiff's medical records and could find out the real reasons she was out on medical leave.

38.     In May 2012, Farsace made additional comments about stereotypical African American food, and implied that it was the Plaintiff, the only African American worker within her department, who must have made the food.

39. On May 18, 2012, the Plaintiff engaged in protected activity when she filed a written complaint of workplace discrimination to Senior Partner of Human Resource Sundrina McLendon.

40. Ever since the Plaintiff made her first complaint of discrimination to Supervisor Tschetter in or around July 2011, Supervisor Tschetter has all together ignored the Plaintiff and ceased communicating with her despite the very fact she is her supervisor.

41. Furthermore, on May 18, 2012, the Plaintiff was denied a transfer by Supervisor Tschetter to a position in another department that she was more the qualified for based on her past performance record.

42. The Plaintiff's final two (2) performance reviews, taken by Supervisor Tschetter after her complaint of discrimination, had turned from "excellent" or "stellar" throughout 2002 to 2009, to "poor" in 2011 and 2012.

43. Moreover, the 2011 and 2012 performance reviews included lies and false accusations.

44. Further adverse actions taken against the Plaintiff ever since making her first complaint of discrimination include:

(a) removing only the Plaintiff's desk from the dental office and replacing it with a file cabinet;

(b) assigning only the Plaintiff to additionally tasks on top of her normal duties or responsibilities;

(c) removing the Plaintiff's charts before she completed her treatment notes and then denying have the charts when the Plaintiff requested that they be returned;

(d)  scolding the Plaintiff in front of her co-workers and supervisors;

(e) failing to provide assistance to the Plaintiff when she requested the same;

(g) no longer inviting the Plaintiff to lunch;

(h) making false accusations on the Plaintiff's workers compensation papers in an attempt to deny her benefits.

45.    On June 22, 2012, the Plaintiff was again taken out of work on medical leave because of her acute severe work related stress, depression, and anxiety with a return date of February 2013.

46.    Thereafter, the Plaintiff received a threatening letter from management informing her that if she did not return to work by August 2012, her position would be filled with someone else.

47.    In fact, when the Plaintiff was unable to return to work by August 2012 per her doctor's orders, her position was filled by, upon information and belief, a Caucasian.

48.    Throughout this time, similarly situated co-worker Farsace, whom had approximately one (1) year of relevant work experience with Unity at the time, compared to the Plaintiff's ten (10) plus years of relevant experience with Unity, was making a base salary of approximately $5,000.00 greater than the Plaintiff and a potential salary of approximately $28,000.00 greater than the Plaintiff.

49.    On February 22, 2013, the Plaintiff was cleared back to work for March 1, 2013 with the restrictions that she could not work alongside the individuals who caused her stress, extreme anxiety and depression.

50.    On February 27, 2013, just one (1) day prior to the Plaintiff's return to work date, she was unlawfully terminated from her position.

51.    The Plaintiff was told that her position was filed and that Unity was unable to accommodate her work restrictions.

**COUNT I**
**VIOLATION OF 42 U.S.C. §1981**
**DISPARATE TREATMENT**

52.    The Plaintiff repeats and incorporates by reference the allegations contained in

paragraphs 1-51 above with the same force and effect as if herein set forth.

53.    The Defendant's conduct, as alleged above, constitutes disparate treatment in

violation of 42 U.S.C. §1981. The stated reasons for the Defendant's conduct

were not the true reasons, but instead were pretext to hide the Defendant's

discriminatory animus.

54.    The Defendants, as alleged above, engaged in a continuing pattern of

unremedied race discrimination by subjecting the Plaintiff to disparate treatment

based on race in violation of 42 U.S.C. §1981.

55.    The Defendants, as alleged above, had actual and constructive knowledge of

the conduct at all times relevant herein.

56.    The Defendants, as alleged above, failed to comply with its duty to take

reasonable and necessary steps to eliminate discrimination from the

workplace and to prevent it from occurring in the future.

57.    The Defendants, as alleged above, failed to comply with its duty to adequately

supervise, control, discipline and/or otherwise penalize the conduct of its

agents.

58.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

59.    The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

60.    The Defendants, as alleged above, authorized, condoned and/or ratified the continuing discriminatory conduct.

**COUNT II**
**VIOLATION OF 42 U.S.C. §1981**
**HOSTILE WORK ENVIRONMENT**

61.    The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-60 above with the same force and effect as if herein set forth.

62.    The Defendant's conduct, as alleged above, constitutes hostile and abusive working environment in violation of 42 U.S.C. §1981. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

63.    The Defendants, as alleged above, engaged in a continuing pattern of unremedied race discrimination by subjecting the Plaintiff to unwelcome harassment through the creation of a hostile work environment based on race in violation of 42 U.S.C. §1981.

64.    The Defendants, as alleged above, had actual and constructive knowledge of the conduct at all times relevant herein.

65.    The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate racial harassment from the workplace and to prevent it from occurring in the future.

66.    The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

67.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

68.    The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

69.    The Defendants, as alleged above, authorized, condoned and/or ratified the
       continuing harassing conduct.


**COUNT III**
**VIOLATION OF 42 U.S.C. §1981**
**<u>UNLAWFUL RETALIATION</u>**

70.    The Plaintiff repeats and incorporates by reference the allegations contained in
       paragraphs 1-69 above with the same force and effect as if herein set forth.


71.    The Defendant's conduct, as alleged above, constitutes retaliation against the
       Plaintiff because she engaged in activities protected by 42 U.S.C. §1981.


72.    The Defendant's conduct, as alleged above, constitutes an adverse employment
       action.


73.    The Defendant's conduct, as alleged above, would dissuade a reasonable
       person in the Plaintiff's position from making a complaint of racial discrimination.


74.    The Defendant's conduct, as alleged above, constitutes a causal connection,
       both supported by direct and indirect evidence, between the Plaintiff's
       engagement in protected activity and adverse employment actions.

75.    The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

76.    The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

77.    The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

78.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

79.    The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

80.    The Defendants, as alleged above, authorized, condoned and/or ratified the retaliatory conduct.

**COUNT IV**
**VIOLATION OF TITLE VII**
**DISPARATE TREATMENT BASED ON RACE**

81.    The Plaintiff repeats and incorporates by reference the allegations contained in

paragraphs 1-80 above with the same force and effect as if herein set forth.

82.    The Defendant's conduct, as alleged above, constitutes disparate treatment in

violation of Title VII. The stated reasons for the Defendant's conduct were  not

the true reasons, but instead were pretext to hide the Defendant's

discriminatory animus.

83.    The Defendants, as alleged above, engaged in a continuing pattern of

unremedied race discrimination by subjecting the Plaintiff to disparate treatment

based on race in violation of Title VII.

84.    The Defendants, as alleged above, had actual and constructive knowledge of

the conduct at all times relevant herein.

85.    The Defendants, as alleged above, failed to comply with its duty to take

reasonable and necessary steps to eliminate discrimination from the

workplace and to prevent it from occurring in the future.

86.     The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

87.     The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

88.     The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

89.     The Defendants, as alleged above, authorized, condoned and/or ratified the continuing discriminatory conduct.

**COUNT V**
**VIOLATION OF TITLE VII**
**HOSTILE WORK ENVIRONMENT BASED ON RACE**

90.     The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-89 above with the same force and effect as if herein set forth.

91.     The Defendant's conduct, as alleged above, constitutes hostile and abusive working environment in violation of Title VII. The stated reasons for the

Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

92.    The Defendants, as alleged above, engaged in a continuing pattern of unremedied race discrimination by subjecting the Plaintiff to unwelcome harassment through the creation of a hostile work environment based on race in violation of Title VII.

93.    The Defendants, as alleged above, had actual and constructive knowledge of the conduct at all times relevant herein.

94.    The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate racial harassment from the workplace and to prevent it from occurring in the future.

95.    The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

96.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

97.     The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

98.     The Defendant's, as alleged above, authorized, condoned and/or ratified the continuing harassing conduct.

**COUNT VI**
**VIOLATION OF TITLE VII**
**UNLAWFUL RETALIATION**

99.     The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-98 above with the same force and effect as if herein set forth.

100.    The Defendant's conduct, as alleged above, constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII.

101.    The Defendant's conduct, as alleged above, constitutes an adverse employment action.

102.    The Defendant's conduct, as alleged above, would dissuade a reasonable person in the Plaintiff's position from making a complaint of racial discrimination.

103.    The Defendant's conduct, as alleged above, constitutes a causal connection, both supported by direct and indirect evidence, between the Plaintiff's engagement in protected activity and adverse employment actions.

104.    The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

105.    The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

106.    The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

107.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

108.    The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

109.    The Defendants, as alleged above, authorized, condoned and/or ratified the

retaliatory conduct.


**COUNT VII**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**<u>DISPARATE TREATMENT</u>**

110.    The Plaintiff repeats and incorporates by reference the allegations contained in

paragraphs 1-109 above with the same force and effect as if herein set forth.


111.    The Defendant's conduct, as alleged above, constitutes disparate treatment in

violation of the ADA. The stated reasons for the Defendant's conduct were

not the true reasons, but instead were pretext to hide the Defendant's

discriminatory animus.


112.    The Defendants, as alleged above, engaged in a continuing pattern of

unremedied disability discrimination by subjecting the Plaintiff to disparate

treatment based on a disability in violation of the ADA.


113.    The Defendants, as alleged above, had actual and constructive knowledge of

the conduct at all times relevant herein.


114.    The Defendants, as alleged above, failed to comply with its duty to take

reasonable and necessary steps to eliminate discrimination from the

workplace and to prevent it from occurring in the future.

115. The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

116. The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

117. The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

118. The Defendants, as alleged above, authorized, condoned and/or ratified the continuing discriminatory conduct.

## COUNT VIII
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## HOSTILE WORK ENVIRONMENT

119. The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-118 above with the same force and effect as if herein set forth.

120. The Defendant's conduct, as alleged above, constitutes hostile and abusive working environment in violation of the ADA. The stated reasons for the

Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

121.   The Defendants, as alleged above, engaged in a continuing pattern of unremedied disability discrimination by subjecting the Plaintiff to unwelcome harassment through the creation of a hostile work environment based on a disability in violation of the ADA.

122.   The Defendants, as alleged above, had actual and constructive knowledge of the conduct at all times relevant herein.

123.   The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate disability harassment from the workplace and to prevent it from occurring in the future.

124.   The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

125.   The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

126.    The Defendant's actions, as alleged above, were done with malice and a
        conscious disregard for the Plaintiff's rights, and with the intent, design and
        purpose of injuring her.

127.    The Defendant's, as alleged above, authorized, condoned and/or ratified the
        continuing harassing conduct.

**COUNT IX**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**<u>UNLAWFUL RETALIATION</u>**

128.    The Plaintiff repeats and incorporates by reference the allegations contained in
        paragraphs 1-127 above with the same force and effect as if herein set forth.

129.    The Defendant's conduct, as alleged above, constitutes retaliation against the
        Plaintiff because she engaged in activities protected by the ADA.

130.    The Defendant's conduct, as alleged above, constitutes an adverse employment
        action.

131.    The Defendant's conduct, as alleged above, would dissuade a reasonable
        person in the Plaintiff's position from making a complaint of disability
        discrimination.

132.   The Defendant's conduct, as alleged above, constitutes a causal connection, both supported by direct and indirect evidence, between the Plaintiff's engagement in protected activity and adverse employment actions.

133.   The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

134.   The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

135.   The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

136.   The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

137.   The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

138.   The Defendants, as alleged above, authorized, condoned and/or ratified the

retaliatory conduct.


**COUNT X**
**VIOLATION OF THE NYSHRL**
**DISPARATE TREATMENT BASED ON RACE**


139.   The Plaintiff repeats and incorporates by reference the allegations contained in

paragraphs 1-138 above with the same force and effect as if herein set forth.


140.   The Defendant's conduct, as alleged above, constitutes disparate treatment in

violation of the NYSHRL. The stated reasons for the Defendant's conduct  were

not the true reasons, but instead were pretext to hide the Defendant's

discriminatory animus.


141.   The Defendants, as alleged above, engaged in a continuing pattern of

unremedied race discrimination by subjecting the Plaintiff to disparate treatment

based on race in violation of the NYSHRL.


142.   The Defendants, as alleged above, had actual and constructive knowledge of

the conduct at all times relevant herein.


143.   The Defendants, as alleged above, failed to comply with its duty to take

reasonable and necessary steps to eliminate discrimination from the

workplace and to prevent it from occurring in the future.

[26]

144.    The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

145.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

146.    The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

147.    The Defendants, as alleged above, authorized, condoned and/or ratified the continuing discriminatory conduct.

**COUNT XI**
**VIOLATION OF NYSHRL**
**HOSTILE WORK ENVRIONMENT BASED ON RACE**

148.    The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-147 above with the same force and effect as if herein set forth.

149.    The Defendant's conduct, as alleged above, constitutes hostile and abusive working environment in violation of NYSHRL. The stated reasons for the

Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

150.    The Defendants, as alleged above, engaged in a continuing pattern of unremedied race discrimination by subjecting the Plaintiff to unwelcome harassment through the creation of a hostile work environment based on race in violation of NYSHRL.

151.    The Defendants, as alleged above, had actual and constructive knowledge of the conduct at all times relevant herein.

152.    The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate racial harassment from the workplace and to prevent it from occurring in the future.

153.    The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

154.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

155.   The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

156.   The Defendants, as alleged above, authorized, condoned and/or ratified the continuing harassing conduct.

## COUNT XII
## VIOLATION OF THE NYSHRL
## DISPARATE TREATMENT BASED ON A DISABILITY

157.   The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-156 above with the same force and effect as if herein set forth.

158.   The Defendant's conduct, as alleged above, constitutes disparate treatment in violation of the NYSHRL. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

159.   The Defendants, as alleged above, engaged in a continuing pattern of unremedied disability discrimination by subjecting the Plaintiff to disparate treatment based on a disability in violation of the NYSHRL.

160.    The Defendants, as alleged above, had actual and constructive knowledge of the conduct at all times relevant herein.

161.    The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

162.    The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

163.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

164.    The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

165.    The Defendants, as alleged above, authorized, condoned and/or ratified the continuing discriminatory conduct.

**COUNT XIII**
**VIOLATION OF NYSHRL**
**HOSTILE WORK ENVRIONMENT BASED ON A DISABILITY**

166.    The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-165 above with the same force and effect as if herein set forth.

167.    The Defendant's conduct, as alleged above, constitutes hostile and abusive working environment in violation of NYSHRL. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

168.    The Defendants, as alleged above, engaged in a continuing pattern of unremedied disability discrimination by subjecting the Plaintiff to unwelcome harassment through the creation of a hostile work environment based on a disability in violation of NYSHRL.

169.    The Defendants, as alleged above, had actual and constructive knowledge of the conduct at all times relevant herein.

170.    The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate disability harassment from the workplace and to prevent it from occurring in the future.

171.    The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

172.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

173.    The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

174.    The Defendants, as alleged above, authorized, condoned and/or ratified the continuing harassing conduct.

**COUNT XIV**
**VIOLATION OF NYSHRL**
**<u>UNLAWFUL RETALIATION</u>**

175.    The Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-174 above with the same force and effect as if herein set forth.

176.    The Defendant's conduct, as alleged above, constitutes retaliation against the Plaintiff because she engaged in activities protected by NYSHRL.

177.   The Defendant's conduct, as alleged above, constitutes an adverse employment action.

178.   The Defendant's conduct, as alleged above, would dissuade a reasonable person in the Plaintiff's position from making a complaint of racial or disability discrimination.

179.   The Defendant's conduct, as alleged above, constitutes a causal connection, both supported by direct and indirect evidence, between the Plaintiff's engagement in protected activity and adverse employment actions.

180.   The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

181.   The Defendants, as alleged above, failed to comply with its duty to take reasonable and necessary steps to eliminate retaliation from the workplace and to prevent it from occurring in the future.

182.   The Defendants, as alleged above, failed to comply with its duty to adequately supervise, control, discipline and/or otherwise penalize the conduct of its agents.

183.    The Defendant's actions, as alleged above, created an intimidating, offensive and oppressive work environment, and as a direct result, the Plaintiff has suffered from emotional distress and mental pain and suffering.

184.    The Defendant's actions, as alleged above, were done with malice and a conscious disregard for the Plaintiff's rights, and with the intent, design and purpose of injuring her.

185.    The Defendants, as alleged above, authorized, condoned and/or ratified the retaliatory conduct.

**WHEREFORE,** the Plaintiff prays that judgment on all causes of action be entered in her favor as follows:

a.    That the Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial;

b.    That the Plaintiff be further awarded punitive damages in an amount according to proof at trial;

c.    That the Plaintiff be further awarded reasonable attorney's fees and cost of suit; and

d.     That the Plaintiff be further awarded such other relief as the Court deems

just and proper.


DATED: November 21, 2014
      Rochester, New York


                            **THE WOODWORTH LAW FIRM**

                                /s/ *Ryan C. Woodworth, Esq*
                  By: _____

                              Ryan C. Woodworth, Esq.
                              16 West Main St., Ste. 732
                              Rochester, New York 14614
                              585-310-2563
                              ryan@woodwortthlawfirm.com

                              *Attorney for Plaintiff*
                              *Sharonia Barton*